## MAYBELL G. SHEPHERD
*vs.*
## ELAINE M. LOMAS

Superior Court      Fairfield County      File No. 59815

MEMORANDUM FILED MARCH 5, 1941.

*Keogh & Candee,* of South Norwalk, for the Plaintiff.

*Cummings & Lockwood,* of Stamford, for the Defendant.

COMLEY, J.   There is nothing in our statutes or in any decision of our courts that implies in the taking of a deposition, whether of a party or one not a party, any other purpose to be served than the securing of testimony which at the trial might otherwise be unavailable because of the absence of the witness.   Were there no more to the problem than the grounds alleged in the motion there would be no basis for interference.   The plaintiff would have ample remedy at law.

But it is obvious that the proposed taking of the deposition of the plaintiff, by the defendant, is not for this purpose, nor did counsel claim that it was.

It was urged by counsel for the defendant that the deposition would be of advantage to them partly by securing information as to facts within the knowledge of the plaintiff, and partly, indeed chiefly, and I conclude solely, for the purpose of putting counsel in a better position for their cross-examination of the plaintiff at the trial.

It may be that this is not a fishing expedition, as that term is technically employed, but it is not a rightful use of process.

It is claimed that the Federal rules and the statutes of some states permit the taking of depositions for these purposes under the title of examination before trial.   That is a self-destroying claim, since it might well be suspected that such a piece of trial strategy has never had judicial sanction in the absence of rule or statute.

Mr. Justice Miller, on a like occasion, said: "It is not

according to common usage to call a party in advance of the trial at law and subject him to all the skill of opposing counsel to extract something which he may then use or not as it suits his purpose."

The defendant's claim, made with little enthusiasm, that she seeks a discovery, scarcely changes the aspect of this proceeding, since there is available by statute and rule of court ample provision for securing disclosure and discovery by direct action.

Since the defendant proposes to take this deposition in the very suit now before the court, and by this action to exert a statutory power and authority for an ulterior purpose never recognized in this State, and perhaps to the serious disadvantage of the plaintiff, I believe I have the power to enjoin her and her counsel, and the authority to whom the notice of deposition is addressed, from so proceeding, and it is so ordered.